

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

$114,063.53 U.S. Currency

**NOTICE OF CLAIM**

20-cv-01931

**PLEASE TAKE NOTICE,** that Patricia Brown, Claimant, through her attorney Phillip C. Rogers, hereby claims and demands from the UNITED STATES OF AMERICA, $30,384.38 U.S. Currency, seized on or about the 12th day of May, 2020, as referenced in the VERIFIED COMPLAINT FOR FORFEITURE dated December 31, 2020.

In support thereof claimant declares under penalty of perjury:

1. On September 18, 2017, Claimant Patricia Brown was awarded a judgment against Joseph C Bella, III, and others, in the amount of $30,384.38, in the U.S. District Court for the Western District of Michigan, Case No. 1:13-cv-1072-PLM. (Ex. A).

2. The judgment awarded to Claimant Patricia Brown was for claims alleging that Mr. Bella, and others, used unlawful debt collection methods to trick consumers into paying money that they did not actually owe, such as threatening arrest and imprisonment. The Federal Trade Commission and the Attorney General of the State of New York found these actions so egregious as to permanently enjoin Mr. Bella from the debt collection industry. See *FTC v. National Check Registry, LLC*, No: 1:14-cv-490, ECF No. 1, (W.D.N.Y. June 23, 2014).

3. As detailed in the VERIFIED COMPLAINT FOR FORFEITURE dated December 31, 2020, Mr. Bella acquired the seized currency by using the same

1

tactics that gave rise to Claimant Patricia Brown's judgment, primarily, fear and dishonesty.

4.  On July 20, 2020, Claimant Patricia Brown registered her judgment against Joseph C Bella, III, and others, in the U.S. District Court for the Western District of New York, Case No. 1:20-mc-30. (Ex. B).

5.  On August 17, 2020, Claimant Patricia Brown recorded a judgment lien against Joseph C Bella, III, and all of his property, real and personal, in Erie County, New York. Instrument No. 2020135078. (Ex. C).

6.  On September 29, 2020, Claimant Patricia Brown recorded a judgment lien against Joseph C Bella, III, and all of his property, real and personal, in Niagara County, New York. Instrument No. 2020J05346. (Ex. D).

7.  At all times between September 18, 2017, and February 8, 2021, Bank of America, N.A. maintained branches, and substantially operated business in the State of Michigan.

8.  As of February 8, 2021, no money has been received by Claimant Patricia Brown in satisfaction of her judgment.

9.  Claimant Patricia Brown is the rightful owner of $30,384.38 of the aforementioned seized currency.

10. This claim is not frivolous and Claimant Patricia Brown is making a good faith claim to property seized and sought to be forfeited by the UNITED STATES OF AMERICA.

**WHEREFORE,** Claimant Patricia Brown demands the release of $30,384.38 of the subject currency directly to her attorney, Phillip C. Rogers, to satisfy her judgment against

Joseph C Bella, III, and others, along with such other or further relief as may be just and equitable under the law.

Dated: February 8, 2021

/s/ *[signature]*

Phillip C. Rogers (P34356)
Attorney for Patricia Brown, Claimant
6140 28th Street SE, Suite 115
Grand Rapids, Michigan 49546-6938
(616) 776-1176
ConsumerLawyer@aol.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BROWN,                  )
         Plaintiff,              )
                                 )        No. 1:13-cv-1072
                                 )
        -v-                      )
                                 )        HONORABLE PAUL L. MALONEY
AMERICAN MUTUAL                  )
HOLDINGS, INC. ET AL.,           )
         Defendants.             )
_____)

## ORDER

This matter is before the Court on Plaintiff Patricia Brown's motion for attorney's fees and costs. (ECF No. 69.) On July 24, 2017, judgment was entered against all Defendants in this action under the Fair Debt Collection Practices Act (FDCPA). (ECF No. 68.) Plaintiff was awarded the statutory maximum of $1000. (*Id.*)

Plaintiff filed this motion for attorney's fees and costs under 15 U.S.C. §§ 1692k and 1640(a)(3). She asserts that the Court should award $31,255.00 in attorney's fees and $2,784.38 in costs. Combined with the previous statutory award, Plaintiff seeks a total judgment of $35,039.38. Defendants did not file a response. For the reasons to follow, the Court will grant Plaintiff's motion as modified.

### Legal Framework

The FDCPA provides that successful plaintiffs are entitled to actual damages, statutory damages of up to $1,000, and "the costs of the action, together with a reasonable attorney's fee as determined by the court . . . ." 15 U.S.C. § 1692k(a)(3). "That successful plaintiffs are entitled to a fee award under the FDCPA does not mean, however, that they

1

are entitled to the amount requested; they are entitled to what is reasonable under the circumstances." *French v. Corporate Receivables, Inc.* 489 F.3d 402, 404 (1st Cir. 2007) (citing *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 629 (4th Cir. 1995).

The United States Supreme Court has held that attorney's fees under fee-shifting statutes, such as §1692k, should be determined by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is known as the "lodestar" method. Courts should use their judgment in determining a reasonable hourly fee and reasonable number of hours. *See Dowling v. Litton Loan Servicing*, 320 F. App'x 442, 447 (6th Cir. 2009). Accordingly, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* In determining if the number of hours claimed by a lawyer is reasonable, the Court should consider together three factors: (1) the accuracy of the hours claimed; (2) whether the work performed sufficiently relates to points on which the client prevailed; and (3) whether the lawyer used poor judgment in spending too much time on one part of the case or unnecessarily duplicating work. *See, e.g., Coulter v. State of Tenn.*, 805 F.2d 146, 150–151 (6th Cir. 1986).

"[T]o arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record" *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (internal quotations omitted)). In addition to attorney fees, a successful FDPCA litigation can also recover costs. *See* 28 U.S.C. § 1920 (identifying

taxable costs for a successful litigant in federal court).

## Analysis

Plaintiff claims that she is entitled to attorney's fees of $31,255. She bases her calculation on records indicating that her attorney, Phillip Rogers, worked 89.3 hours on the matter. Further, she avers that $350 is a reasonable hourly rate for his services.

However, after reviewing Rogers' affidavit, the Court is concerned with the sheer number of hours needed to litigate a relatively simple and largely unopposed FDCPA case. While Plaintiff notes that the case was procedurally complicated when the Federal Trade Commission and New York Attorney General became involved with the Defendants, the Court still finds 89.3 hours to be unreasonable. The affidavit (ECF No. 69-1), is replete with time entries that indicate counsel spent between 12 to 30 minutes reviewing individual voicemail and email. There are also a number of entries involving purely administrative matters, such as calendaring deadlines and reviewing returned mail. Counsel also appears to have delved deeply into the Defendants' backgrounds, including matters that seem tangential at best to his client's FDCPA claim.

Additionally, no one has appeared on behalf of Defendants in this matter since defense counsel sought and received leave to withdraw in December of 2014. Even after all Defendants had stopped appearing in the case, Plaintiff required an extension of time to file dispositive motions because "Plaintiff's counsel did not realize that failure to file a dispositive motion would result in possible dismissal of [the] lawsuit and wrongly assumed that when no dispositive motion was filed, the matter would automatically be scheduled for trial." (ECF No. 52 at PageID.200.)

In sum, the Court finds that counsel's hours were not all wisely expended. A court may impose a percentage based fee reduction when there is to be a time reduction based on excessive or duplicative billing. *Auto Alliance Int'l, Inc. v. U.S. Custom Serv.*, 155 F. App'x 226 (6th Cir. 2005) (upholding 25 percent reduction where dispute was unexceptional, billing entries reflected duplication of effort, and fee claimed was above the median of all awards during the relevant time period); *see also Tinch v. City of Dayton*, 199 F. Supp. 2d 758 (S.D. Ohio 2002) (across the board reductions are appropriate where a court ascertains numerous occurrences of excessive billing and/or misbillings because such reductions serve to account for similar instances that are not so easily ascertainable by the court).

In its discretion, the Court concludes that a 15 percent reduction would offset counsel's extraneous hours noted above and yield a reasonable total, given the procedural difficulties of the case. *Cf. Nelson v. Colvin*, No. 8:14-cv-2297, 2015 WL 5867439 at *1 (M.D. Fla. 2015) (reducing award of attorney's fees because party seeking fees had filed unopposed motions for extensions of time due to no fault of the other party); *Cotner v. Buffaloe & Associates, PLC*, No. 3:11-cv-299, 2012 WL 1670552 (E.D. Tenn. 2012) (reducing attorney's fees where the records showed billing entries involving entirely administrative tasks); *Vera v. Trans-Continental Credit & Collection Corp.*, 1999 WL 292623 (S.D.N.Y. 1999) (attorney's fee request reduced by two-thirds due to fact that "case was driven principally by the prospect of an attorneys' fee award"). After rounding, that leaves Plaintiff with 76 compensable hours (89.3 x .85 = 75.905).

Turning to the hourly rate, the Court is very familiar with Mr. Rogers' work. It has

previously found that $350.00 per hour represents a reasonable rate for his services in a factually similar case. *Johnson v. Solutions To Portfolios, LLC*, No. 1:16-cv-503, ECF No. 33 at PageID.129–32. Given the similarity, the Court concludes that $350 per hour continues to be a reasonable rate.

Finally, the Court finds no fault with Plaintiff's request for costs of $2,784.38.

Therefore, for the reasons given, the motion for attorney's fees (ECF No. 69) is **GRANTED** as modified.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to $26,600 in attorney's fees (76 hours x $350 = $26,600).

**IT IS FURTHER ORDERED** that Plaintiff is entitled to $2,784.38 in costs.

**ACCORDINGLY,** the Court awards $29,384.38 in attorney's fees and costs, to be added to the previous statutory award of $1,000, for a total judgment of $30,384.38 in favor of Plaintiff Patricia Brown and against Defendants American Mutual Holdings Inc., Check Systems, LLC, Interchex Systems, LLC, Joseph C. Bella III, and Alan E. Fielitz.

**IT IS SO ORDERED.**

Date:  September 18, 2017                    /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             United States District Judge

# EXHIBIT B

AO 451  (Rev. 12/12)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
### for the
Western District of Michigan

Patricia Brown )
_____ )
Plaintiff )
v. )
American Mutual Holdings, Inc. & Joseph C. Bella, III et al., )
Defendant )

Civil Action No.  1:18-cv-1072

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* 9-18-2017.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:   7/13/2020

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA BROWN,<br>Plaintiff, | )<br>)<br>) | No. 1:13-cv-1072 |
| -v- | )<br>) | HONORABLE PAUL L. MALONEY |
| AMERICAN MUTUAL<br>HOLDINGS, INC. ET AL.,<br>Defendants. | )<br>)<br>)<br>) | |

## ORDER

This matter is before the Court on Plaintiff Patricia Brown's motion for attorney's fees and costs. (ECF No. 69.) On July 24, 2017, judgment was entered against all Defendants in this action under the Fair Debt Collection Practices Act (FDCPA). (ECF No. 68.) Plaintiff was awarded the statutory maximum of $1000. (*Id.*)

Plaintiff filed this motion for attorney's fees and costs under 15 U.S.C. §§ 1692k and 1640(a)(3). She asserts that the Court should award $31,255.00 in attorney's fees and $2,784.38 in costs. Combined with the previous statutory award, Plaintiff seeks a total judgment of $35,039.38. Defendants did not file a response. For the reasons to follow, the Court will grant Plaintiff's motion as modified.

### Legal Framework

The FDCPA provides that successful plaintiffs are entitled to actual damages, statutory damages of up to $1,000, and "the costs of the action, together with a reasonable attorney's fee as determined by the court . . . ." 15 U.S.C. § 1692k(a)(3). "That successful plaintiffs are entitled to a fee award under the FDCPA does not mean, however, that they

1

are entitled to the amount requested; they are entitled to what is reasonable under the circumstances." *French v. Corporate Receivables, Inc.* 489 F.3d 402, 404 (1st Cir. 2007) (citing *Carroll v. Wolpoff & Abramson,* 53 F.3d 626, 629 (4th Cir. 1995).

The United States Supreme Court has held that attorney's fees under fee-shifting statutes, such as §1692k, should be determined by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). This is known as the "lodestar" method. Courts should use their judgment in determining a reasonable hourly fee and reasonable number of hours. *See Dowling v. Litton Loan Servicing,* 320 F. App'x 442, 447 (6th Cir. 2009). Accordingly, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* In determining if the number of hours claimed by a lawyer is reasonable, the Court should consider together three factors: (1) the accuracy of the hours claimed; (2) whether the work performed sufficiently relates to points on which the client prevailed; and (3) whether the lawyer used poor judgment in spending too much time on one part of the case or unnecessarily duplicating work. *See, e.g., Coulter v. State of Tenn.,* 805 F.2d 146, 150–151 (6th Cir. 1986).

"[T]o arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record" *Gonter v. Hunt Valve Co., Inc.,* 510 F.3d 610, 618 (6th Cir. 2007) (quoting *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir. 2004) (internal quotations omitted)). In addition to attorney fees, a successful FDPCA litigation can also recover costs. *See* 28 U.S.C. § 1920 (identifying

2

taxable costs for a successful litigant in federal court).

## Analysis

Plaintiff claims that she is entitled to attorney's fees of $31,255. She bases her calculation on records indicating that her attorney, Phillip Rogers, worked 89.3 hours on the matter. Further, she avers that $350 is a reasonable hourly rate for his services.

However, after reviewing Rogers' affidavit, the Court is concerned with the sheer number of hours needed to litigate a relatively simple and largely unopposed FDCPA case. While Plaintiff notes that the case was procedurally complicated when the Federal Trade Commission and New York Attorney General became involved with the Defendants, the Court still finds 89.3 hours to be unreasonable. The affidavit (ECF No. 69-1), is replete with time entries that indicate counsel spent between 12 to 30 minutes reviewing individual voicemail and email. There are also a number of entries involving purely administrative matters, such as calendaring deadlines and reviewing returned mail. Counsel also appears to have delved deeply into the Defendants' backgrounds, including matters that seem tangential at best to his client's FDCPA claim.

Additionally, no one has appeared on behalf of Defendants in this matter since defense counsel sought and received leave to withdraw in December of 2014. Even after all Defendants had stopped appearing in the case, Plaintiff required an extension of time to file dispositive motions because "Plaintiff's counsel did not realize that failure to file a dispositive motion would result in possible dismissal of [the] lawsuit and wrongly assumed that when no dispositive motion was filed, the matter would automatically be scheduled for trial." (ECF No. 52 at PageID.200.)

In sum, the Court finds that counsel's hours were not all wisely expended. A court may impose a percentage based fee reduction when there is to be a time reduction based on excessive or duplicative billing. *Auto Alliance Int'l, Inc. v. U.S. Custom Serv.*, 155 F. App'x 226 (6th Cir. 2005) (upholding 25 percent reduction where dispute was unexceptional, billing entries reflected duplication of effort, and fee claimed was above the median of all awards during the relevant time period); *see also Tinch v. City of Dayton*, 199 F. Supp. 2d 758 (S.D. Ohio 2002) (across the board reductions are appropriate where a court ascertains numerous occurrences of excessive billing and/or misbillings because such reductions serve to account for similar instances that are not so easily ascertainable by the court).

In its discretion, the Court concludes that a 15 percent reduction would offset counsel's extraneous hours noted above and yield a reasonable total, given the procedural difficulties of the case. *Cf. Nelson v. Colvin*, No. 8:14-cv-2297, 2015 WL 5867439 at *1 (M.D. Fla. 2015) (reducing award of attorney's fees because party seeking fees had filed unopposed motions for extensions of time due to no fault of the other party); *Comer v. Buffaloe & Associates, PLC*, No. 3:11-cv-299, 2012 WL 1670552 (E.D. Tenn. 2012) (reducing attorney's fees where the records showed billing entries involving entirely administrative tasks); *Vera v. Trans-Continental Credit & Collection Corp.*, 1999 WL 292623 (S.D.N.Y. 1999) (attorney's fee request reduced by two-thirds due to fact that "case was driven principally by the prospect of an attorneys' fee award"). After rounding, that leaves Plaintiff with 76 compensable hours (89.3 x .85 = 75.905).

Turning to the hourly rate, the Court is very familiar with Mr. Rogers' work. It has

4

previously found that $350.00 per hour represents a reasonable rate for his services in a factually similar case. *Johnson v. Solutions To Portfolios, LLC*, No. 1:16-cv-503, ECF No. 33 at PageID.129–32. Given the similarity, the Court concludes that $350 per hour continues to be a reasonable rate.

Finally, the Court finds no fault with Plaintiff's request for costs of $2,784.38.

Therefore, for the reasons given, the motion for attorney's fees (ECF No. 69) is **GRANTED** as modified.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to $26,600 in attorney's fees (76 hours x $350 = $26,600).

**IT IS FURTHER ORDERED** that Plaintiff is entitled to $2,784.38 in costs.

**ACCORDINGLY,** the Court awards $29,384.38 in attorney's fees and costs, to be added to the previous statutory award of $1,000, for a total judgment of $30,384.38 in favor of Plaintiff Patricia Brown and against Defendants American Mutual Holdings Inc., Check Systems, LLC, Interchex Systems, LLC, Joseph C. Bella III, and Alan E. Fielitz.

**IT IS SO ORDERED.**

Date:   September 18, 2017                           /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge

5

# EXHIBIT C

United States District Court for the Western District of New York

Transcript of Judgment - Case No. 20-MC-30

| Names of parties against whom judgment is obtained with residence | Names of parties in whose favor judgment is obtained with residence | Names of Attorney for judgment creditor | Date of filing Month/Day/Year | Amount of judgment | Date Satisfied Month/Day/Year |
|---|---|---|---|---|---|
| American Mutual Holdings, Inc 295 Main St. Buffalo, NY 14203 | Patricia Brown c/o Philip C. Rogers 6140 28th St. SE Ste 115 Grand Rapids, MI 49546 | Philip C. Rogers 6140 28th Street SE Ste 115 Grand Rapids MI 49545 | 07/20/2020 | $30,384.38 | |
| Check Systems, LLC 295 Main St. Buffalo, NY 14203 | | | | | |
| Interchex Systems, LLC 295 Main St. Buffalo, NY 14203 | | | | | |
| Joseph C. Bella, III 224 Summer St. Buffalo, NY 14222 | | | | | |
| Alan E. Fielitz 121 Gates Ave, Buffalo, NY 14222 | | | | | |

FILED

AUG 17 2020

ERIE COUNTY
CLERK'S OFFICE

I, MARY C. LOEWENGUTH, Clerk of the United States District Court for the Western District of New York, do hereby certify that the foregoing is a true and correct transcript from the Docket of Judgments kept in my office.

In TESTIMONY WHEREOF, I have caused the Seal of the said Court to be affixed at the City of Buffalo, New York, in said District this 10th Day of August, 2020

Mary C. Loewenguth
Clerk of Court

BY Margaret Dagmski
Deputy Clerk

**** TRANSCRIPT OF JUDGMENT ****



| JUDGMENT DEBTOR | | | | JUDGMENT CREDITOR | | |
|---|---|---|---|---|---|---|
| Surname/Given Name and Address | | | | Surname/Given Name and Address | | |
| AMERICAN MUTUAL HOLDINGS INC 295 MAIN ST BUFFALO | NY | 14203 | | BROWN PATRICIA %PHILLIP C ROGERS 6140 28TH ST SE STE 115 GRAND RAPIDS | MI | 49546 |
| CHECK SYSTEMS LLC 295 MAIN ST BUFFALO | NY | 14203 | | | | |
| INTERCHEX SYSTEMS LLC 295 MAIN ST BUFFALO | NY | 14203 | | | | |
| BELLA JOSEPH C III 224 SUMMERS ST BUFFALO | NY | 14222 | | | | |
| FIELITZ ALAN E 121 GATES AVE BUFFALO | NY | 14222 | | | | |

| Judgment Docketed | Judgment Rendered | Amount of Judgment | Attorney Name and Address |
|---|---|---|---|
| File Date/Time: 8/17/2020   13:08:11 | County : WESTERN DISTRICT | Total Amt     30,384.38 | ROGERS PHILLIP C 6140 28TH ST SE STE 115 GRAND RAPIDS     MI     49546 |
| | Court:   US DIST CT | | |
| Instrument Number: 2020135078 | Reference Number 20-MC-30 | | |
| | Index Number: | | |
| | Rendered Date:   8/10/2020 | | |

remarks:

STATE OF NEW YORK, COUNTY OF ERIE
I, Michael P. Kearns, Clerk of the County of Erie, hereby certify that
the above is a correct transcript from the docket of judgments in my office.

IN WITNESS THEREOF, I have hereunto set my name and affixed my seal     17-August-2020

*Michael P Kearns*

MICHAEL P. KEARNS, ERIE COUNTY CLERK

# EXHIBIT D

# United States District Court for the Western District of New York

## Transcript of Judgment - Case No. 20-MC-30

| Names of parties against whom judgment is obtained with residence | Names of parties in whose favor judgment is obtained with residence | Names of Attorney for judgment creditor | Date of filing Month/Day/Year | Amount of judgment | Date Satisfied Month/Day/Year |
|---|---|---|---|---|---|
| American Mutual Holdings, Inc<br>295 Main St.<br>Buffalo, NY 14203 | Patricia Brown<br>c/o Phillip C. Rogers<br>6140 28th St. SE<br>Ste 115<br>Grand Rapids, MI 49546 | Phillip C. Rogers<br>6140 28th Street SE<br>Ste 115<br>Grand Rapids MI 49546 | 07/20/2020 | $30,384.38 | |
| Check Systems, LLC<br>295 Main St.<br>Buffalo, NY 14203 | | | | | |
| Interchex Systems, LLC<br>295 Main St.<br>Buffalo, NY 14203 | | | | | |
| Joseph C. Bella, III<br>224 Summer St.<br>Buffalo, NY 14222 | | | | | |
| Alan E. Fleitz<br>5047 Hall Drive<br>Hamburg, NY 14075 | | | | | |

I, MARY C. LOEWENGUTH, Clerk of the United States District Court for the Western District of New York, do hereby certify that the foregoing is a true and correct transcript from the Docket of Judgments kept in my office.

In TESTIMONY WHEREOF, I have caused the Seal of the said Court to be affixed at the City of Buffalo, New York, in said District this 14th Day of September, 2020

Mary C. Loewenguth
Clerk of Court

BY _Margaret Dwynski_
Deputy Clerk

2020J4039

Joseph A. Jastrzemski, Niagara County Clerk

2020J05346
09/29/2020 10:13:40 AM
1 Pages
TRANSCRIPT OF JDMT

Clerk:LM

# NIAGARA COUNTY CLERK

## JOSEPH A. JASTRZEMSKI

*Receipt*

Receipt Date: 09/29/2020 10:13:41 AM
RECEIPT # 2020474039

Recording Clerk: LM
Cash Drawer: CASH17
Rec'd Frm: PHILLIP C ROGERS
Rec'd By Mail

Instr#: 2020J05346
DOC: TRANSCRIPT OF JDMT
OR Party: BROWN PATRICIA
EE Party: AMERICAN MUTUAL HOLDINGS INC

Recording Fees
Transcript of Judgment Filing
                                    $10.00

DOCUMENT TOTAL: ---->        $10.00


Receipt Summary
Document Count: 1
TOTAL RECEIPT:   ---->        $10.00
TOTAL RECEIVED: ---->        $10.00
                             _____
CASH BACK:       ---->        $0.00


PAYMENTS
Check # 3937 ->               $10.00
PHILLIP C ROGERS

Phillip C. Rogers
Attorney At Law

6140 28th Street S.E., Suite 115
Grand Rapids, MI 49546



20-CV-01931

Clerk of the Court
United States District Court - W.D.N.Y. Buffalo
2 Niagara Square

FOREVER / USA

FOREVER